UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIANCA VELEZ,

    Plaintiff,

v.

                                      Case No. 8:18-cv-1696-T-60SPF

EVY L&L SERVICES, LLC, a
foreign limited liability company, and
INTUITIVE STAFFING
SOLUTIONS, LLC, a foreign limited
liability company,

    Defendants.
_____/

**<u>ORDER</u>**

This cause is before the Court upon Plaintiff's Motion to Compel Defendant's Documents Responsive to Plaintiff's First Request for Production, Answers to Plaintiff's First Set of Interrogatories. (Doc. 31). Defendant Intuitive Staffing Solutions, LLC ("Intuitive") filed a Response thereto. (Doc. 37). The Court held a hearing on the motion on December 11, 2019. For the reasons stated at the hearing, the motion is granted in part and denied in part.

<u>Background</u>

This is an employment discrimination lawsuit brought pursuant to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. (Doc. 1). Plaintiff was employed with Defendant Evy L&L Services, LLC ("L&L") when she was allegedly subjected to sexual harassment by her supervisor Guillermo Troncozo. She further alleges that she complained about the sexual harassment to L&L management in addition to submitting a written

complaint. L&L failed to take any effective remedial action and within a few days of her complaint, she was retaliated against and demoted. Plaintiff, shortly thereafter, learned that she was pregnant, advised Troncozo of her pregnancy, and requested a reasonable accommodation due to her pregnancy. Plaintiff alleges that she was terminated in response.

Plaintiff dual-filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations on or about November 13, 2012. Plaintiff alleges that, during the EEOC investigation, L&L changed its name to Intuitive Staffing Solutions, LLC ("Intuitive"). The EEOC Determination reflected this change as follows:

> Evidence shows that in/around January 2014, … (L&L Services, LLC) ceased to exist and changed its name to Intuitive Staffing Solutions, maintaining the same address, employees, phone number, customers, and website. Evidence further shows that the VP of L&L Services, Mike Flanagan, who was the decision maker in the termination of [Plaintiff], was now the President of Intuitive Staffing Solutions and has refused to cooperate with the investigation of the charge. Evidence shows that Mr. Flanagan alleged that the new Company was in no way involved with or associate[d] with the previous Company (L&L Services, LLC).

(Doc. 31-1 at 3). Plaintiff filed this suit on July 13, 2018. (Doc. 1). Plaintiff alleges that Intuitive is the successor in interest to L&L. L&L failed to answer the complaint, and default was entered against L&L. (Doc. 28).

By her Motion to Compel, Plaintiff seeks an order requiring Intuitive to answer Interrogatories Nos. 4, 5, 6, 7, and 14; to produce documents in response to Requests Nos. 7, 29, and 39 of Plaintiff's First Request for Production; and to amend its responses to identify Bates stamp numbers for Intuitive's responsive documentation. (Doc. 31). As an initial matter and as noted at the hearing, parties cannot limit their answers to information within their own knowledge and ignore information that is immediately available to it or under its

2

control. *See Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not....") (quoting *Cont'l Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991)). Moreover, the party refuting possession of such information must state under oath that he is unable to provide information and set forth the efforts he employed to obtain the information. *Id.* ("If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.") (quoting *Cont'l Illinois*, 136 F.R.D. at 684).

To the extent Intuitive's discovery responses or arguments are predicated on its contention that it is not a successor in interest to L&L, this is a distinction without a difference in considering the issues at hand. Intuitive is required to produce information and documents within its possession, custody, or control. Fed. R. Civ. P. 34(a). "'Control' ... does not require that a party have legal ownership or actual physical possession of the documents at issue; indeed, documents have been considered to be under a party's control (for discovery purposes) when that party has the 'right, authority, or practical ability to obtain the materials sought on demand.'" *Pictet Overseas, Inc. v. Helvetia Tr.*, No. 13-81088-CIV, 2014 WL 5034725, at *8 (S.D. Fla. Sept. 8, 2014) (quoting *Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.*, No. 2:09-cv-599-FtM-99SPC, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010)). As such, Intuitive's responses to the interrogatories and requests for production must include any information or L&L documents that Intuitive, including its principal Flanagan, has or knows

3

and such information is not limited to the 2014 to 2017 time frame, but instead is framed by the time periods set forth in the original interrogatories and requests for production.

The Court now turns to the specific discovery requests raised in the motion and discussed at the hearing.

<u>Interrogatories</u>

- Interrogatories Nos. 4, 5 & 6

Interrogatory No. 4 seeks the name, address, and telephone numbers for all employees of Intuitive[1] who were pregnant during their employment with Intuitive at any time between 2010 to present. Interrogatory No. 5 seeks the name, address, and telephone number for all current and former employees of Intuitive who became pregnant during their employment with Intuitive from January 2012 to the present. Interrogatory No. 6 seeks the name and address of all female employees of Intuitive that were terminated from January 2012 to the present and the reason for each termination. Plaintiff acknowledged at the hearing that Interrogatory No. 5 is duplicative of Interrogatory No. 4. As such, the motion is denied as to Interrogatory No. 5.

The parties agreed at the hearing that Interrogatory No. 4 should be narrowed as follows. Intuitive shall provide the name, address, and telephone numbers for all employees of Intuitive who requested FLMA leave or a reasonable accommodation related to pregnancy or who formally or informally complained of sexual harassment or retaliation from 2014 to 2017. Of the employees identified in Interrogatory No. 4, Intuitive shall identify which employees were terminated from 2014 to 2017. Intuitive must also provide any responsive information in its possession, custody, or control as to L&L for the period 2010-2014.

---

[1] At the hearing, Plaintiff clarified that she was also seeking information pertaining to L&L.

- Interrogatory No. 7

Interrogatory No. 7 seeks information regarding Plaintiff's termination. Intuitive shall respond to Interrogatory No. 7 by indicating whether Intuitive terminated Plaintiff. Intuitive shall also provide information in Intuitive's possession, custody, or control regarding Plaintiff's termination by L&L.

- Interrogatory No. 14

Interrogatory No. 14 seeks the name, addresses, and telephone numbers of all employees who worked or work for Intuitive who also were employed with L&L. Intuitive is directed to provide responsive information after a reasonable search and review of its records, including applications by employees hired in 2014.

Requests for Production

At the hearing, contrary to Intuitive's prior assertion of attorney-client privilege and work-product doctrine, Intuitive's counsel represented that there are no documents being withheld on the basis of attorney-client privilege or work-product doctrine. Because there are no responsive documents, Plaintiff's motion is denied as to Requests Nos. 4, 13, 26, 27, 28, 30, and 35.

The remaining requests for production at issue are as follows:

- RFP No. 7, which seeks a copy of all documents that support or tend to support any of the affirmative defenses raised by Intuitive.

- RFP No. 29, which seeks any and all memorandums, letters, emails, or other electronic correspondence transmitted from or received by Intuitive or any of its employees that references sexual harassment or retaliation from 2010 to present.

- RFP No. 39, which seeks all documents and communications including e-mails, text messages, and written correspondence between Intuitive and Luis Leal.[2]

At the hearing, the parties agreed to limit RFP No. 29 to include any and all memorandums, letters, emails, or other electronic correspondence transmitted to or from Intuitive concerning any claims of sexual harassment or retaliation, or policies or positions regarding sexual harassment or retaliation. The time frame for this request for production is 2014 to 2017.

As to RFP No. 39, Intuitive asserts that it has no documents or communications between it and Leal.[3] Intuitive's counsel indicated that it would produce a declaration from Flanagan reflecting the same. The Court notes that, notwithstanding the fact that Intuitive is required to produce information and documents within its possession, custody, or control, to the extent that no documents exist, this Court cannot compel the impossible. *See Panchoosingh v. Gen. Labor Staffing Servs., Inc.*, No. 07-80818-CIV, 2009 WL 10667884, at *2 (S.D. Fla. July 20, 2009) (citing *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 4951792, at *2 (S.D. Ohio Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control."); *E.E.O.C. v. Aldi, Inc.*, No. 06-01210, 2008 WL 2329603, at *2 (W.D. Pa. June 3, 2008) (where a party represents that it does not

---

[2] Plaintiff, however, indicates in her Motion to Compel that she is willing to limit this request to all communications between Luis Leal (described by Plaintiff as L&L's sole manager) and Flanagan or Troncozo from 2013 to present. (Doc. 31 at 12).

[3] During the hearing, Plaintiff requested that Intuitive voluntarily produce all such communications between Flanagan and Troncozo that occurred during the first six months after the creation of Intuitive in 2014. This new request is not properly before the Court. However, Intuitive is encouraged to voluntarily produce responsive documents in order to achieve a just, speedy, and inexpensive determination of this case. *See* Fed. R. Civ. P. 1. If Intuitive is unwilling to produce the documents voluntarily, Plaintiff may serve a new request for production on Intuitive.

possess responsive items, "there is nothing to compel")). Accordingly, as to Requests for Production Nos. 7, 29 (as revised), and 39, Plaintiff's motion is granted, and Intuitive is compelled to produce information and documents within its possession, custody, or control, or amend its responses to state "none," if no responsive documents exist. To the extent that Intuitive responds that it has already produced such information, Intuitive shall reference where it provided such information as further discussed below. *See, e.g., Chiaradonna v. Rosemont College*, No. 06-1015, 2007 WL 925897, at *4 ("To the extent the [party] complains that it has already produced the documentation, it shall identify either by Bates stamp number or other identifying reference (date and receipt of email), any responsive document.").

In many of Intuitive's responses to Plaintiff's Requests for Production, Intuitive indicated that it would provide responsive documents for inspection and copying at a mutually convenient date, time, and location. (Doc. 31-4, Response Nos. 2, 6, 18, 19, 20, 21, 32, 33, 37). Plaintiff argues that while Intuitive provided Plaintiff with some documents, it did not amend its responses to indicate which documents were responsive to which requests. Plaintiff contends she has requested Intuitive amend its responses to identify the specific Bates numbers for the documents that are allegedly responsive to Plaintiff's discovery requests, but Intuitive has refused to do so.

In support, Plaintiff cites to Federal Rule of Civil Procedure 33(d), which requires a party to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). Rule 33, however, pertains to interrogatories, not requests for production. Rule 34, which informs requests for production, states that "[a] party must produce

7

documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added).

Here, Intuitive does not assert that it produced the discovery in the manner in which it kept them in the ordinary course of business. *See Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-cv-749-Orl-41TBS, 2015 WL 1470971, at *10-11 (M.D. Fla. Mar. 31, 2015) (finding plaintiff failed to meet its burden of establishing documents were produced as they were kept in the usual course of business and requiring plaintiff to identify by Bates number which documents were responsive to each request); *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 540-41 (D. Kan. 2006) (finding plaintiff had not met his burden of establishing that he had produced documents as they were kept in the usual course of business and easiest way to comply with "organize and label" requirement is to identify documents by Bates number); *Handy v. State Farm Mut. Auto. Ins. Co.*, No. 5:15-CV-01950, 2016 WL 146530, at *12 (S.D. W.Va. Jan. 12, 2016) (same). As such, Intuitive is directed to organize and label any documents that it has produced to correspond to the categories in the requests or to reproduce the documents with Bates stamp numbers and identify by Bates stamp numbers which documents are responsive to which requests.

Accordingly, it is hereby

**ORDERED**:

(1) Plaintiff's Motion to Compel Intuitive's Documents Responsive to Plaintiff's First Request for Production, Answers to Plaintiff's First Set of Interrogatories (Doc. 31) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

(2) Within 14 days of the date of this Order, Intuitive is compelled to answer Plaintiff's Interrogatories Nos. 4, 6, 7, and 14, as revised herein, and to produce information

and documents within its possession, custody, or control, or amend its responses to state "none," if no responsive documents exist as to Requests for Production Nos. 7, 29 (as revised herein), and 39.

(3) Within 14 days of the date of this Order, Intuitive is directed to organize and label any documents that it has produced to correspond to the categories in the requests or to reproduce the documents with Bates stamp numbers and identify by Bates stamp numbers which documents are responsive to which requests.

**ORDERED** in Tampa, Florida, this 13th day of December 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE